# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-217-MR-DCK

| | |
|---|---|
| **MICHAEL RIDOLFO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **BK BEVERAGES, LLC and BOOKOO** ) | |
| **BEVERAGES, INC.,** *formerly The Love* ) | |
| *Factor, Inc.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant BK Beverages, LLC's Notice Of Limited Appearance And Rule 12(b)(2) Motion To Dismiss For Lack of Personal Jurisdiction" (Document No. 3), filed June 1, 2007; "Plaintiff's Memorandum Of Law In Opposition To Defendant BK Beverage, LLC's Motion To Dismiss For Lack Of Personal Jurisdiction" (Document No. 6), filed June 18, 2007; and "Defendant BK Beverages, LLC's Reply To Plaintiff's Opposition To Motion To Dismiss For Lack of Personal Jurisdiction" (Document No. 8), filed June 25, 2007. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Michael Ridolfo ("Plaintiff") commenced this action against BK Beverages, LLC ("Defendant BK") and BooKoo Beverages, Inc. ("Defendant BooKoo" or collectively, "Defendants") on May 8, 2007 in the General Court of Justice, Superior Court Division, Mecklenburg County,

North Carolina.

Defendant BK is a Texas limited liability company. Defendant BooKoo is a Texas corporation headquartered in Addison, Texas. Defendant BooKoo is a drink manufacturer that offers a variety of vitamin and energy drinks. Defendant BooKoo's products are distributed internationally and nationally, including in Mecklenburg County, North Carolina. Plaintiff was employed by Defendant BooKoo on September 12, 2005 as Director of National Accounts for the east coast region and worked in Charlotte, North Carolina while employed by Defendant.

Plaintiff's Complaint lists causes of action against Defendants for breach of contract and tortious interference. Plaintiff served Defendants with a summons and "Complaint" (Document No. 1-2) on or about May 8, 2007.

In his Complaint, Plaintiff contends that he signed an Agreement to work for Defendant BooKoo that stated in part:

> Upon meeting annual sales goals, a stock grant will be issued in an amount equal to .2% of the then outstanding common shares of he company. This amount can be earned each year for the first three years of employment. In addition, for exceeding annual sales goals an additional bonus of stock grants will be offered at the company's discretion. Stock grants will vest on the 3rd anniversary of employment."

(See Document 1-2 at 4 and 10). Plaintiff contends that he and other individuals were assured by Defendant BooKoo's owners that their equity interests would automatically vest if the company were ever sold. On July 5, 2006, Defendant BK purchased a controlling interest in Defendant BooKoo.

Plaintiff's factual allegations assert that around September 2006 he was informed by the new CEO, Daniel Lee, that the equity stakes were never disclosed to the new ownership. Allegedly, Mr. Lee told Plaintiff he would bring the issue to the attention of the Board of Directors. In October

2006, Plaintiff and two other BooKoo employees sent an email to the previous owners expressing disappointment that the equity stakes were not being honored. The previous owners responded that the equity stakes were disclosed to the new owners and that they should be honored.

According to Plaintiff, he hired an attorney in February 2007 who sent a letter to Mr. Lee on March 5, 2007 encouraging the parties to resolve the equity dispute without litigation. On March 12, 2007, Plaintiff received an email from his boss, Jeff Jonke, stating that Plaintiff had performance issues. Plaintiff immediately denied he had issues and suggested Mr. Jonke had raised the concern in response to Plaintiff's attorney's letter.

On March 14, 2007, Mr. Jonke sent Plaintiff an email outlining objectives Plaintiff must meet over the next 30 days. On March 14 and 16, 2007, Plaintiff was removed from client accounts with Circle K and Coke Consolidated. On April 16, 2007, Plaintiff gave two weeks notice that he would leave BooKoo and accused Defendant(s) of forcing his resignation. Plaintiff filed this lawsuit on May 8, 2007.

On May 29, 2007, Defendant BooKoo file a "Notice of Removal" (Document No. 1) with this Court, contending that jurisdiction here was appropriate pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship between the parties.

On June 1, 2007, Defendant BK filed its "...Motion To Dismiss For Lack of Personal Jurisdiction" (Document No. 3) and Defendant BooKoo filed its "...Rule 12(b)(6) Motion To Dismiss." (Document No. 4). This memorandum and recommendation will only address Defendant BK's motion to dismiss for lack of personal jurisdiction.

## II. STANDARD OF REVIEW

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989).

> When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of evidence. . . . [W]hen, as here, the court addresses the question on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge. In considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.

Combs, 886 F.2d at 676. (internal citations omitted). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Barclays Leasing, Inc. v. National Business Systems, Inc., 750 F.Supp. 184, 186 (W.D.N.C. 1990). The plaintiff, however, "may not rest on mere allegations where the defendant has countered those allegations with evidence that the requisite minimum contacts do not exist." IMO Industries, Inc. v. Seim S.R.L., No. 3:05-CV-420-MU, 2006 WL 3780422 at *1 (W.D.N.C. December 20, 2006). "Rather, in such a case the plaintiff must come forward with affidavits or other evidence to counter that of the defendant . . . factual conflicts must be resolved in favor of the party asserting jurisdiction...." Id.

Questions of jurisdiction are answered by a two-step analysis: (1) the court must determine whether the North Carolina long-arm statute confers personal jurisdiction; and (2) the court must determine whether the exercise of that statutory power will violate the due process clause of the U.S. Constitution. Gen Latex & Chem. Corp. v. Phoenix Med. Tech., 765 F.Supp. 1246, 1248-49

(W.D.N.C. 1991). The statutory inquiry merges with the constitutional inquiry, essentially becoming one. See ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 623 (4th Cir.1997).

There are two varieties of personal jurisdiction, general and specific. General jurisdiction requires "substantial" or "continuous and systematic" contacts or activities in the forum state and is not at issue in the instant case. Specific jurisdiction exists when a court exercises personal jurisdiction over a defendant in a suit *arising out of* or *related to* the defendant's contacts with the forum. Helicopterous Naciaonales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

In the discussion below, the undersigned will analyze the applicability of specific jurisdiction to this case. Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The Fourth Circuit has "synthesized the Due Process Clause for asserting specific jurisdiction into a three-part test . . . '(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.'" New Wellington, 416 F.3d at 294 (citing Mitrano v. Hawes, 377 F.3d 402, 407 (4th Cir. 2004)(quoting ALS Scan, Inc v. Digital Service Consultants, Inc., 293 F.3d at 707, 712).

### III. DISCUSSION

As explained above, the first step in the Court's analysis of personal jurisdiction is to address whether North Carolina's long-arm statute confers jurisdiction. See N.C. Gen.Stat. § 1-75.4. Viewing the facts and allegation in the light most favorable to the party asserting jurisdiction, the undersigned finds that the long-arm statute conveys personal jurisdiction under the provisions of

5

N.C. Gen. Stat. 1-75.4(4)(a) and (b).[1] Plaintiff has established the existence of jurisdiction by a prima facie showing of these statutory requirements. Namely, Plaintiff's has shown that Defendant BK had a controlling interest in Defendant BooKoo at the time of his alleged injuries; that Defendant BK hired a new President and CEO, and CFO for BooKoo; and Plaintiff alleges that Defendant BooKoo was acting as an agent for Defendant BK. Furthermore, Plaintiff has shown that he was based in Charlotte at the time of his alleged injuries and, while based here, allegedly served both defendants as Director of National Accounts for BooKoo. Plaintiff also contends that BooKoo products were/are sold, used and consumed in this forum. These factual allegations, construed in the light most favorable to Plaintiff, satisfy N.C. Gen.Stat. § 1-75.4(4)(a) and (b), and thus support personal jurisdiction.[2]

Next, we must address whether jurisdiction pursuant to the North Carolina long-arm statute will violate the due process clause. As stated above, we will consider the test laid out by the Fourth Circuit: (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable.

---

[1] ". . . in any action claiming injury to person or property within this State arising out of an act or omission outside this State by the defendant, provided in addition that at or about the time of injury either:
a. Solicitation or services activities were carried on within this State by or on behalf of the defendant;
b. Products materials or thing processed, serviced or manufactured by the defendant were used or consumed, within this State in the ordinary course of trade. . .
N.C. Gen.Stat. § 1-75.4(4).

[2] N.C. Gen.Stat. § 1-75.4(4) requires only that Plaintiff claim injury, not prove injury. See Vishay Intertechnology, Inc. v. Delta Intern. Corp., 696 F.2d 1062, 1067 (4th Cir. 1982).

Accepting the facts that Defendant BK purchased a controlling interest in a corporation marketing and selling its products in North Carolina, and with its Director of National Accounts located in Charlotte, and that the alleged injuries were inflicted on a resident of this forum, it is reasonable to find that Defendant BK purposefully availed itself of the privilege of conducting activities in this State. The injuries alleged were apparently suffered primarily in this State so the claims arise from activities directed at Plaintiff in this forum. Finally, as a limited liability company headquartered in Texas, with a controlling interest in a company selling its products internationally and nationally, including in this district, the undersigned finds no reason the exercise of personal jurisdiction would be constitutionally unreasonable.

The undersigned makes no judgment as to the merits of Plaintiff's lawsuit, but merely recommends that "draw[ing] the most favorable inferences for the existence of jurisdiction," Plaintiff's lawsuit should not be dismissed at this stage for lack of personal jurisdiction. Combs, 886 F.2d at 676. Factual and legal questions remain regarding the contractual obligations of BooKoo to certain employees, and the imputability of Defendant BooKoo's contractual agreements to Defendant BK. However, those are questions to be resolved later; for now, it is the undersigned's view that Plaintiff's claims are sufficient to allow this Court to exercise personal jurisdiction over Defendant BK in this matter.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant BK Beverages, LLC's Notice Of Limited Appearance And Rule 12(b)(2) Motion To Dismiss For Lack of Personal Jurisdiction" (Document No. 3) be **DENIED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Martin K. Reidinger.

**SO RECOMMENDED**.

Signed: January 25, 2008

David C. Keesler
United States Magistrate Judge