# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:07-CV-217-MR-DCK

| | |
|---|---|
| **MICHAEL RIDOLFO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| **BK BEVERAGES, LLC and BOOKOO** ) | |
| **BEVERAGES, INC.,** *formerly The Love* ) | |
| *Factor, Inc.*, ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant BooKoo Beverages, Inc.'s 12(b)(6) Motion To Dismiss" (Document No. 4), filed June 1, 2007; "Plaintiff's Memorandum Of Law In Opposition To Defendant BooKoo Beverages, Inc.'s Motion To Dismiss" (Document No. 7), filed June 18, 2007; and "Defendant BooKoo Beverages, Inc.'s Reply To Plaintiff's Opposition To Motion To Dismiss" (Document No. 9), filed June 25, 2007. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Michael Ridolfo ("Plaintiff") commenced this action against BooKoo Beverages, Inc.("Defendant BooKoo") and BK Beverages, LLC ("Defendant BK" or collectively, "Defendants") on May 8, 2007 in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina. Plaintiff served Defendants with a summons and "Complaint" (Document No. 1-2) on or about May 8, 2007.

Plaintiff was employed by Defendant BooKoo on September 12, 2005 as Director of National Accounts for the east coast region. Plaintiff's Complaint lists causes of action against Defendants for breach of contract and tortious interference.

In his Complaint, Plaintiff contends that he signed an Agreement to work for Defendant BooKoo that stated in part:

> Upon meeting annual sales goals, a stock grant will be issued in an amount equal to .2% of the then outstanding common shares of he company. This amount can be earned each year for the first three years of employment. In addition, for exceeding annual sales goals an additional bonus of stock grants will be offered at the company's discretion. Stock grants will vest on the 3rd anniversary of employment."

(See Document 1-2 at 4 and 10). Plaintiff contends that he and other individuals were assured by Defendant BooKoo's owners that their equity interests would automatically vest if the company were ever sold. On July 5, 2006, Defendant BK purchased a controlling interest in Defendant BooKoo.

Plaintiff's factual allegations assert that around September 2006 he was informed by the new CEO, Daniel Lee, that the equity stakes were never disclosed to the new ownership. Allegedly, Mr. Lee told Plaintiff he would bring the issue to the attention of the Board of Directors. In October 2006, Plaintiff and two other BooKoo employees sent an email to the previous owners expressing disappointment that the equity stakes were not being honored. The previous owners responded that the equity stakes were disclosed to the new owners and that they should be honored.

According to Plaintiff, he hired an attorney in February 2007 who sent a letter to Mr. Lee on March 5, 2007 encouraging the parties to resolve the equity dispute without litigation. On March 12, 2007, Plaintiff received an email from his boss, Jeff Jonke, stating that Plaintiff had performance issues. Plaintiff immediately denied he had issues and suggested Mr. Jonke had raised the concern

in response to Plaintiff's attorney's letter.

On March 14, 2007, Mr. Jonke sent Plaintiff an email outlining objectives Plaintiff must meet over the next 30 days. On March 14 and 16, 2007, Plaintiff was removed from client accounts with Circle K and Coke Consolidated. On April 16, 2007, Plaintiff gave two weeks notice that he would leave BooKoo and accused Defendant(s) of forcing his resignation. Plaintiff filed this lawsuit on May 8, 2007.

On May 29, 2007, Defendant BooKoo file a "Notice of Removal" (Document No. 1) to this Court, contending that jurisdiction here was appropriate pursuant to 28 U.S.C. § 1332, in that the amount in controversy exceeds $75,000 and that there is complete diversity of citizenship between the parties.

On June 1, 2007, Defendant BK filed its "...Motion To Dismiss For Lack of Personal Jurisdiction" (Document No. 3) and Defendant BooKoo filed its "...Rule 12(b)(6) Motion To Dismiss." (Document No. 4). This memorandum and recommendation will only address Defendant BooKoo's motion to dismiss Plaintiff's second cause of action, pursuant to Fed.R.Civ.P. 12(b)(6).

## II. STANDARD OF REVIEW

A motion to dismiss tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). As recently explained by the Supreme Court:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, ... [f]actual allegations must be enough to raise a

3

right to relief above the speculative level....

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). The Court went on to hold that "[o]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. The Supreme Court also added in another recent decision that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant BooKoo's motion seeks to dismiss only Plaintiff's Second Cause of Action - for tortious interference. Plaintiff's cause of action for tortious interference is somewhat ambiguous as to whether it is asserted against one or both Defendants and as to the legal basis for the claim. In pertinent part Plaintiff's "Second of Action" states:

> 31. **Defendant's** actions interfered with the business relationship between the Plaintiff and his clients, thereby robbing him of **prospective economic vantage**.

4

> 32. **Defendants** had knowledge of relationships between Plaintiff and his customers. In addition, Defendant BooKoo had knowledge of Plaintiff's employment Agreement.
>
> 33. **Defendants'** conduct prevented Plaintiff from reaching his sales goals. The net effect of Defendants' actions would result in a pecuniary loss to the Plaintiff in the form of additional bonuses and additional stock grants.

("Complaint" Document 1-2 at 6) (emphasis added).

Although the Complaint suggests Plaintiff's cause of action is based on a claim for tortious interference with prospective economic advantage it is not entirely clear whether that was Plaintiff's intent. Further muddying matters is Plaintiff's Memorandum Of Law In Opposition To Defendant BooKoo ...Motion To Dismiss" (Document No. 7), which contends that Plaintiff has adequately alleged the elements to "state a claim for tortious interference with contract" and "properly pleaded all of the elements of a claim for Tortious Interference with prospective economic advantage." Id. at 4-5. Based on the parties' briefs and state law, these claims involve different elements.

An action for tortious interference with a prospective economic advantage requires a plaintiff to show that: (1) the defendant induced a third party to refrain from entering into a contract with plaintiff without justification; and (2) that the contract would have ensued but for defendant's interference. RCDI Construction, Inc. v. Spaceplan/Architecture, Planning & Interiors, 148 F.Supp.2d 607, 617 (W.D.N.C. April 20, 2001). "The tort of interference with contract has five elements: (1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff." United Laboratories, Inc. v. Kuykendall, 322 N.C. 643, 661 370 S.E.2d 375, 387 (1988). Plaintiff has not sufficiently alleged

the elements for either tort against Defendant BooKoo.

The instant motion to dismiss pursuant to Rule 12(b)(6) is made by **Defendant BooKoo**. Plaintiff contends that Defendant BK "interfered with that contract," referring to a contract between Plaintiff and Defendant BooKoo. (Document No. 7 at 4). As Defendant BooKoo points out in its "...Reply..." (Document No. 9), it appears from Plaintiff's memorandum opposing the motion to dismiss that his argument is focused on Defendant BK's interference with the contract. This is Defendant BooKoo's motion to dismiss, and Plaintiff has not articulated any relevancy of Defendant BK's interference to this particular motion. Plaintiff has not supported a claim for tortious interference with a contract – by Defendant BooKoo.

To the extent that Plaintiff seeks a claim that Defendant BooKoo interfered with Plaintiff's contract with BooKoo, **or** that Plaintiff seeks a claim for tortious interference with prospective economic advantage, Defendant BooKoo has persuasively argued that those claims cannot properly be pursued. See Coremin v. Sherrill Furniture Co., 170 N.C. App. 697 614 S.E.2d 607 (2005) ("a plaintiff cannot maintain an action for interference with contract against a party to that contract"); see also Kaleel Builders, Inc. v. Ashby, 161 N.C. App. 34, 42-43  587 S.E.2d 470, 476 (2003) (quoting Ports Authority v. Fry Roofing Co., 294 N.C. 73, 81, 240 S.E.2d 345 (1978) ("Ordinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor.").

> [A] tort action does not lie against a party to a contract who simply fails to properly perform the terms of the contract, even if that failure to properly perform was due to the negligent or intentional conduct of that party, when the injury resulting from the breach is damage to the subject matter of the contract. It is the law of contract and not the law of negligence which defines the obligations and remedies of the parties in such a situation.

Id.

The undersigned agrees with Defendant BooKoo's conclusion that "North Carolina law is

clear - (1) a party cannot interfere with a contract to which it is a party; and (2) where a contract governs the relationship between two parties, the proper remedy lay in action for breach of contract, not tort." (Document No. 9 at 3). In this case, Plaintiff may have a viable cause of action for breach of contract against Defendant BooKoo, but not for tortious interference.

Therefore, the undersigned will recommend that the second cause of action be dismissed against Defendant BooKoo. Plaintiff has not raised a right to relief beyond the speculative level for this cause of action against this defendant, nor has he adequately stated a claim supported by a set of facts consistent with the allegations in the complaint.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant BooKoo Beverages, Inc.'s 12(b)(6) Motion To Dismiss" (Document No. 4) be **GRANTED**, as to Plaintiff's Second Cause of Action – tortious interference.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Martin K. Reidinger.

**SO RECOMMENDED**.

Signed: January 25, 2008

David C. Keesler
United States Magistrate Judge