IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

**CIVIL CASE NO. 3:07cv217**

| | |
|---|---|
| MICHAEL RIDOLFO, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **O R D E R**<br>) |
| BK BEVERAGES, LLC, and<br>BOOKOO BEVERAGES, INC.,<br>formerly The Love Factor, Inc., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on Motion to Dismiss for Lack of [Personal] Jurisdiction [Doc.3] of Defendant BK Beverages, LLC (BK), and the Motion to Dismiss of Defendant BooKoo Beverages, Inc. (BooKoo) [Doc.4]. Both Motions were duly referred pursuant to standing orders of designation and 28 U.S.C. §636 to United States Magistrate Judge David Keesler, who issued separate Memoranda and Recommendations with regard to these two Motions. He recommended that the Motion to Dismiss for Lack of Jurisdiction [Doc.3] be denied, and objections were timely filed

1

by Defendant BK.  No objections have been filed to the recommendation with regard to the Motion to Dismiss of Defendant BooKoo that the Second Cause of Action as set out in the Complaint be dismissed.

## Defendant BooKoo's Motion to Dismiss

No objections having been filed regarding the Magistrate Judge's recommendation concerning the Motion of Defendant BooKoo, the Court has made careful review of the recommendation and concludes that the recommendation should be accepted.  The Court, therefore, grants the Motion to Dismiss of Defendant BooKoo [Doc.4] with regard to the Second Cause of Action as set forth in the Complaint. 28 U.S.C. §636(b); Fed.R.Civ.P. 72(b)(3).

## Defendant BK's Motion to Dismiss for Lack of Jurisdiction

The Magistrate Judge has recommended that the Motion to Dismiss for Lack of Jurisdiction of Defendant BK [Doc.3] be denied.  The Defendant BK has filed objections to this recommendation.  The Court, therefore, conducts a *de novo* review as to those portions of the Memorandum and Recommendation to which specific objections have been filed. 28 U.S.C. §636(b)(1); Fed.R.Civ.P. 72(b)(3).

# PROCEDURAL HISTORY AND BACKGROUND

On May 29, 2007, Defendant BooKoo removed this matter to this Court alleging diversity jurisdiction. [Notice of Removal, Doc.1]. Defendant BK did not join in the notice of removal; however, on June 1, 2007, it made a limited appearance for the purpose of moving pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure to dismiss for lack of personal jurisdiction. [Motion to Dismiss, Doc.3].

In his Complaint the Plaintiff makes the following jurisdictional and factual allegations:

1. The Plaintiff is a North Carolina resident. [Complaint, Doc.1-2, at ¶1].

2. BK is a Texas limited liability company. [Id., at ¶2].

3. BooKoo is a Texas corporation which manufactures energy and vitamin drinks which it distributes nationwide, including within Mecklenburg County, North Carolina. [Id.]

4. On September 12, 2005, Plaintiff was employed by BooKoo as the Director of National Accounts for the east coast region. [Id., at ¶5]. He lived and worked in Charlotte, North Carolina. [Id.]

5. On August 28, 2005, the Plaintiff entered into an agreement with BooKoo which provided in pertinent part:

> Upon meeting annual sales goals, a stock grant will be issued in an amount equal to .2% of the then outstanding common shares of the company. This amount can be earned each year for the first three years of employment. In addition, for exceeding annual sales goals an additional bonus of stock grants will be offered at the company's discretion. Stock grants will vest on the 3rd anniversary of employment.

[Id., at ¶7, 22].

6. On July 5, 2006, "BK purchased a controlling interest in BooKoo."

[Id., at ¶8].

7. Prior to that purchase, the previous owners of BooKoo, Daniel Dower and Michael Powers, told the Plaintiff that his equity interest would automatically vest and be honored by BK. [Id., at ¶9].

8. Daniel Lee became the new president and chief executive officer of BooKoo. [*Id.*, at ¶8]. Lee was "recruited" for this position by BK. [Id.]

9. In September 2006, Lee told the Plaintiff that the existence of these equity stakes had never been disclosed. [Id., at ¶10].

10. In early 2007, the Plaintiff hired an attorney to pursue the issue. [Id., at ¶14].

11. After his attorney contacted the Defendants, the Plaintiff's boss claimed that the Plaintiff had performance issues which needed to be addressed and certain client accounts were removed from him. [Id.,

at ¶15-16]. Ultimately, the Plaintiff resigned from his position, claiming he was being retaliated against for pursuing the issue of his equity interest. [Id., at ¶20].

On these facts the Plaintiff alleges that the Defendants breached the contract with him. Plaintiff also asserted a second cause of action for "tortious interference," but as noted above, this second cause of action has been dismissed, and thus is not addressed further herein.

## DISCUSSION

Defendant BK moved to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The Magistrate Judge found that the Plaintiff had sufficiently alleged personal jurisdiction.

As the Court of Appeals stated in Mylan Laboratories, Inc. v. Akzo, N.V., 2 F.3d 56 (4th Cir. 1993);

> When a court's personal jurisdiction is properly challenged by motion under Federal Rules of Civil Procedure 12(b)(2), the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) Dowless v. Warren-Rupp Houdailles, Inc., 800 F.2d 1305, 1307 (4th Cir. 1986). Yet when, as here, the district court decides a pretrial personal

> jurisdiction dismissal motion without an evidentiary hearing, the plaintiff need prove only a prima facie case of personal jurisdiction. Combs, 886 F2d at 676. In deciding whether the plaintiff had proved a prima facie case of personal jurisdiction, the district court must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor. Id.; Wolf v. Richmond County Hops. Auth., 745 F.2d 904, 908 (4th Cir. 1984), cert. denied, 474 U.S. 826 (1985).

Id. at 59-60 (additional internal citations omitted). See also Carefirst of Maryland, Inc. v. Carefirst Pregnancy, 334 F.3d 390, 396 (4th Cir. 2003).

In his Complaint, Plaintiff makes only two allegations upon which he bases his assertion of in personam jurisdiction over Defendant BK. He alleges that "BK purchased a controlling interest in BooKoo." [Complaint Doc. 1-2 at ¶8], and that BK "recruited" the new president and CEO of BooKoo, Daniel Lee [Id.]. Significantly, the only remaining claim Plaintiff alleges is one for breach of contract, but Plaintiff does not allege that Defendant BK is a party to that contract. In fact, Plaintiff alleges an agreement only with BooKoo [Id. at ¶5, 6, 7], and attaches to his Complaint a document supporting this. It is also significant that while Plaintiff alleges that Defendant BooKoo "is a drink manufacturer that offers a variety of energy and vitamin drinks . . . [and] distributes its products nationwide, including Mecklenburg County as well as internationally," [Id. at ¶ 2], Plaintiff makes no such allegation of any local or international presence of

6

Defendant BK.

In response to these sparse allegations concerning BK's activities, BK moved to dismiss for lack of personal jurisdiction, but provided only argument and no further evidence on which the Court could act. As such, the Court has the thinnest of records on which to determine whether it harbors in personam jurisdiction over BK.

In his Memorandum and Recommendation the Magistrate Judge rightly concludes that the burden of establishing jurisdiction lies with the party seeking to assert jurisdiction, the Plaintiff, citing New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 294 (4th Cir. 2005) and Combs, *supra*. As such, the Court must analyze whether the Plaintiff's bare assertions that BK purchased a controlling interest in BooKoo and recruited a president for it are sufficient for the Court to assert jurisdiction over BK.

There are two components to analyzing whether jurisdiction lies: (1) does North Carolina's long-arm statute extend to the party in question and (2) will such exercise of statutory power violate the due process protections of the United States Constitution. Christian Science Bd. of Dir. of the first Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). The

Supreme Court of North Carolina has determined that the long-arm statute provides personal jurisdiction to "the full extent permitted by the Constitution." Dillon v. Numismatic Funding Corp., 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977); Ash v. Burnham, 80 N.C. App. 459, 460, 343 S.E.2d 2, 3-4 (1986).  The issue, therefore, is limited to the inquiry of whether the Plaintiff has made a prima facie showing that Defendant BK has sufficient contacts to allow the assertion of jurisdiction over it consistent with due process.

In recommending that BK's Motion be denied, the Magistrate Judge concluded that jurisdiction does lie.  The portions of the Memorandum and Recommendation to which Defendant BK objects are contained within two paragraphs, that read in pertinent part

> Plaintiff has established the existence of jurisdiction by . . . show[ing] that Defendant BK had a controlling interest in Defendant BooKoo at the time of his alleged injuries; that Defendant BK hired a new President and CEO, and CFO for BooKoo; and Plaintiff alleges that Defendant BooKoo was acting as an agent for Defendant BK.  Furthermore, Plaintiff has shown that he was based in Charlotte at the time of his alleged injuries and, while based here, allegedly served both defendants as Director of National Accounts for BooKoo.  Plaintiff also contends that BooKoo products were/are sold, used and consumed in this forum.
>
> . . .

> Accepting the fact that Defendant BK purchased a controlling interest in a corporation marketing and selling its products in North Carolina, and with its Director of National Accounts located in Charlotte, and that the alleged injuries were inflicted on a resident of this forum, it is reasonable to find that Defendant BK purposefully availed itself of the privilege of conducting activities in this State. The injuries alleged were apparently suffered primarily in this State the claims arise from activities directed at Plaintiff in this forum. Finally, as a limited liability company headquartered in Texas, with a controlling interest in a company selling its products internationally and nationally, including this district, the undersigned finds no reason the exercise of personal jurisdiction would be unreasonable.

[Memorandum and Recommendation, Doc.10 at 6-7].

"It is settled law that the mere presence of a subsidiary in North Carolina, standing alone, is not enough to impute personal jurisdiction over the parent corporation." Setra of North America, Inc. v. Motorcoach Financial, Inc., 367 F.Supp.2d 853, 859 (E.D.N.C. 2005) (citing Ash v. Burnham Corp., 80 N.C. App. 459, 462, 343 S.E.2d 2, 4 (1986)). Plaintiff must, therefore, show that either (1) BK "possessed direct contacts with" this forum, Mylan Laborarotires, Inc. v. Akzo, N.V., 2 F.3d 56, 61 (4th Cir. 1993); (2) there exist facts warranting the piercing of the corporate veil, Mylan, 2 F.3d at 61; Gray v. Riso Kagaku Corp., 95-1741 at *10, 1996 WL 181488 at *3, 1996 U.S. App. Lexis 8406 (4th Cir. 1996, unpublished) (finding lack of in personam jurisdiction where plaintiff failed to show that

9

parent corporation "exerts a degree of control greater than what is normally associated with common ownership and directorship"); Donatelli v. National Hockey League, 893 F.2d 459, 466 (1st Cir. 1990); or (3) BooKoo was an agent for BK. Gray, 95-1741 at *10, 1996 WL 181488 at *3, 1996 U.S. App. Lexis 8406.

Plaintiff relies heavily on his allegation that "BK purchased a controlling interest in BooKoo." [Complaint, Doc.1-2 at ¶8]. That simply means that BooKoo is a (not wholly owned) subsidiary of BK. That, standing alone, cannot confer jurisdiction over BK. This parent-subsidiary relationship is restated several ways in the Memorandum and Recommendation, by stating that the Plaintiff "served both" parent and subsidiary by serving as "Director of National Accounts" *for the subsidiary*, and that the *subsidiary's* products are sold and consumed in this forum. None of these facts, however, present nothing on which this Court can conclude that there was anything other than an ordinary parent-subsidiary relationship between BK and BooKoo.

Plaintiff alleges that BK "recruited" a new president and CEO for

BooKoo.[1] This, however, is insufficient to pierce the corporate veil, even in a jurisdictional context, because recruitment of a corporate officer is not an exertion of "a degree of control greater than what is normally associated with common ownership and directorship." Gray, 95-1741 at *10, 1996 WL 181488 at *3, 1996 U.S. App. Lexis 8406 (finding fac thtat subsidiary sought approval from parent corporation before hiring a financial controller did not establish minimum contacts).

This leaves the Court hanging by the one thread in the Memorandum and Recommendation that "Plaintiff alleges that Defendant BooKoo was acting as an agent for Defendant BK." (M&R, Doc.10 at 6). The Complaint, however, contains no such allegation. Even if it did, there would be a substantial issue as to whether the Court could assert jurisdiction over a party based on the conclusory allegation that the party is present in the jurisdiction through an agent without making any allegations about the substance or nature of the agency. We do not reach that issue, though, because no such allegation was made.

---

[1] Defendant BK correctly argues in its Objection that the Memorandum and Recommendation slightly overstates the evidence by holding that BK "hired" rather than "recruited" BooKoo's new president. This distinction, however, is of no consequence.

The Complaint is remarkably devoid of any allegation that Defendant BK has done anything wrong, or for that matter that it has done anything, other than purchase the controlling interest in Defendant BooKoo and "recruit" a president for it. This scant record is insufficient for the Court to hold that the Plaintiff has met his burden of demonstrating that personal jurisdiction can be asserted over Defendant BK. Accordingly, the Objections of Defendant BK to the Memorandum and recommendation will be sustained, and the Motion to Dismiss for Lack of Jurisdiction will be granted.

Defendant BK also raises issues as to the sufficiency of service of process. In light of this ruling that portion of the Motion will be denied as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that the objections of Defendant BK to the Memorandum and Recommendation of the Magistrate Judge are hereby sustained and the Defendant BK's motion to dismiss for lack of personal jurisdiction is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the portion of Defendant BK's motion to dismiss as pertains to insufficiency of service of process is

**DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendant BooKoo's motion to dismiss the second cause of action is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the remaining parties conduct their Initial Attorneys Conference and file with the Court their Report of that Initial Attorney's Conference within fourteen (14) days of the entry of this Order.

Signed: March 7, 2008

Martin Reidinger
United States District Judge